(C.R.D. 76-3)

GEHRIG, HOBAN & Co., INC. *v.* UNITED STATES

Court No. R68/17303

(Dated June 18, 1976)

*Busby Rivkin Sherman Levy and Rehm* (*Saul L. Sherman* of counsel) for the plaintiff.
*Rex E. Lee*, Assistant Attorney General (*Glenn E. Harris, Max F. Schutzman, Edmund F. Schmidt*, trial attorneys), for the defendant.

NEWMAN, Judge: Defendant has filed a motion for sanctions pursuant to the provisions of rule 6.5(b)(2). The predicate of defendant's motion is that plaintiff has not complied with this court's order of December 1, 1975 compelling discovery, in that plaintiff failed to answer certain propounded interrogatories.

For the reasons stated, defendant's motion for sanctions is granted, as herein provided.

The background of these unduly protracted proceedings may be summarized as follows:

This is an appeal for reappraisement filed in 1968 contesting the Government's appraisements of certain "Eleroda" machine tools, parts thereof and accessories. The merchandise was exported in 1962 from Switzerland by Ateliers des Charmilles S.A. Geneve ("Charmilles") and imported by plaintiff, a customhouse broker at the port

of New York, for the account of Charmilles Corporation of America ("Charcoram"), a wholly-owned subsidiary of the exporter.

Issue was joined on September 20, 1973. The pleadings indicate that the merchandise was appraised on the basis of United States value, pursuant to section 402(c) of the Tariff Act of 1930, as amended. Plaintiff claims that the proper basis for appraisement is export value, as defined in section 402(b), as amended; or in the alternative, United States value, pursuant to section 402(c), as amended; or alternatively, constructed value, under section 402(d), as amended.

It appears that on December 24, 1974 defendant served interrogatories directed to plaintiff pursuant to rule 6.3. Despite and during several extensions of time granted by defendant to plaintiff within which to respond to the interrogatories,* plaintiff failed to answer or object as required by rule 6.3(a). On July 1, 1975 (which was more than 6 months after service of the interrogatories), defendant moved pursuant to rule 6.5 for an order compelling plaintiff to answer said interrogatories. On July 9, 1975, a conference was held in chambers pursuant to plaintiff's request concerning the discovery proceedings and proposals by plaintiff for disposition of this and other related cases. On July 18, 1975, plaintiff moved for an order extending its time to September 15, 1975 in which to answer defendant's motion to compel discovery. This latter extension of time was granted over defendant's objections by an order dated July 29, 1975. On September 15, 1975, plaintiff filed a partial opposition to defendant's motion to compel discovery, raising for the first time objections to certain interrogatories; and thereafter defendant filed a reply to the aforesaid opposition on November 14, 1975. On December 1, 1975, this court granted defendant's motion to compel discovery. Pursuant to said order of December 1, 1975, plaintiff was ordered to answer defendant's propounded interrogatories within 60 days. Additionally, the order directed that:

> * * * should plaintiff not fully comply with this Court's order, then plaintiff shall be precluded from either introducing at trial of the issues in this action, or presenting in conjunction with the filing of a dispositive motion herein, any evidence concerning the information sought to be elicited by defendant's interrogatories.

It further appears from the within moving papers that on January 30, 1976, defendant received plaintiff's answers to the propounded interrogatories. The present motion for sanctions pursuant to rule 6.5 (b)(2) was filed on April 29, 1976, based on the assertion that plaintiff has not complied with this court's aforesaid order of December 1, 1975 compelling discovery, in that plaintiff failed to

---

*These extensions are disclosed in defendant's motion to compel discovery filed with the court on July 1, 1975. Such extensions added a period of almost 4 months to the original 60 days within which plaintiff had to respond to the interrogatories.

answer interrogatories numbered 20(c), 24(a), (c), (g) and (h), and interrogatories 27(b) through 27(f). On May 14, 1976, plaintiff filed a motion for an extension of time to June 1, 1976 in which to answer defendant's motion. The extension was granted. On June 1, 1976, plaintiff filed a memorandum in opposition to defendant's motion for sanctions.

The specific interrogatories and answers thereto in dispute are set forth below:

Interrogatory 20:

(c)     Describe the merchandising operations of Charmilles with respect to sales of the Eleroda machine in (1) Switzerland and (2), all countries other than the United States, including, in your response, the identity of any distributorships, agencies, branches, or other entities which deal with the Eleroda machine.

> Answer:
>
> (c) This question should be addressed to Ateliers de Charmilles S. A. Plaintiff cannot give an adequate answer.

Interrogatory 24:

(a)     Identify all advertising, service, and warranty costs incurred by Charmilles with respect to the Eleroda machines outside of the United States, including, in your response, the identity of such markets by country, and the time period applicable to such expenses.

> Answer:
>
> (a) This question can only be answered by Charmilles.

(c)     Identify all written offers of the subject merchandise made by Charmilles, Charcoram, or any distributors.

> Answer:
>
> (c) Charcoram offered to supply merchandise only to distributors and only at the prices set forth on its prices lists, less the applicable discounts. Any offers made by Charmilles in other markets must be obtained from them * * * *.

(g)     Identify all documents which reflect home market sales between the years 1961 and the present.

> Answer:
>
> (g) This question must be directed to Charmilles rather than to Charcoram, since it pertains to home market sales, presumably meaning sales in Switzerland. As for identification, all relevant files are maintained in Geneva. Charcoram has no detailed knowledge of pricing patterns in other markets except such as was already furnished to the government by previous counsel in the administrative phases of this case.

(h) Identify all sales expenses incurred with respect to the sale of the Eleroda machines in (1), the United States, (2), Switzerland and (3), all other countries, including, in your response, the identity of such countries, and the time period that such expenses were applicable.

Answer:

(h) Annexed as Exhibit 9 is a copy of the relevant portion of Charcoram's Profit and Loss statement for 1966, showing its selling expenses. Corresponding information as to sales in Switzerland and sales to third country purchasers are not available to Charcoram, except as set forth in the published financial statements of Charmilles, the relevant portion of which for the year 1966–67 is annexed hereto as Exhibit 10.

Interrogatory 27:

With respect to plaintiff's claim made under constructed value, please answer the following:

(b) Provide a detailed breakdown of plaintiff's claimed cost of materials, including all types of claimed expenses which plaintiff claims is included in this category.

(c) Provide a detailed breakdown of plaintiff's claimed cost of fabrication or other processing of any kind employed in producing such or similar merchandise, including all types of claimed expenses which plaintiff claims is included within this category.

(d) Provide a detailed breakdown claimed for the general expenses and profits, including all types of claimed expenses which plaintiff claims is included within this category.

(e) Provide a detailed breakdown of the claimed cost of all containers and coverings and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

(f) Identify all documents supporting your responses to interrogatories 27(b) through 27(e), *supra*.

Answer:

(b)(c)(d)(e)(f) This information must be obtained from Charmilles. Charcoram is not able to provide it.

Plaintiff, in response to defendant's motion for sanctions, now tardily objects to providing defendant with the requested information principally on the ground that Charcoram is a domestic subsidiary of a foreign corporation (Charmilles), and is not required to provide data in the possession, custody, and control of the foreign parent corporation. Plaintiff states, however, that the exporter "has volunteered to make relevant information available to defendant in Switzerland". Additionally, counsel for plaintiff states in a letter to the court dated May 20, 1976 that he has "just discovered that our files contain

a substantial amount of information which we had previously thought could only be obtained from Geneva".

Irrespective of the merits of plaintiff's present objections, such objections were not timely interposed by plaintiff in accordance with rule 6.3(a); nor did plaintiff make a timely application for a protective order, as provided by rule 6.1(c). An order compelling discovery having been entered on December 1, 1975, the only question now before the court is whether plaintiff has complied with that order. Plainly, the requested information has not been provided to defendant. Information which plaintiff must obtain from the exporter to support its claimed values should be made available to defendant, or plaintiff should be precluded from availing itself of such information at a trial or in support of a dispositive motion.

Finally, rule 6.5(b)(2)(ii) provides:

(b) **Failure to Comply with Order:**

\* \* \* \* \* \* \*

(2) If any party or a person designated under Rule 7.3(b)(4) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under paragraph (a) of this rule, the court may make such orders in regard to the failure as are just, including, among others, the following:

\* \* \* \* \* \* \*

(ii) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

\* \* \* \* \* \* \*

Under all the facts and circumstances, defendant's motion for sanctions under the foregoing rule should be granted unless plaintiff provides the requested information. Accordingly, it is hereby ORDERED:

Plaintiff shall be precluded from either introducing at trial of the issues in this action, or presenting in conjunction with the filing of a dispositive motion herein, any evidence concerning the information sought to be elicited by defendant's interrogatories 20(c), 24(a), (c), (g), and (h), and 27(b) through 27(f), unless plaintiff shall within 60 days of service of this opinion and order serve defendant with supplemental answers to said interrogatories fully providing the information requested thereby. The identification of the documents mentioned in said interrogatories shall not be required for such documents as plaintiff is willing to voluntarily produce for inspection and copying within the 60 days permitted herein for serving supplemental answers. Further, in the event such supplemental answers are served, or documents voluntarily produced for inspection and copying, within the 60-day period, plaintiff may move to vacate the sanctions hereby imposed.