is established as being January 28, 1976, and the cross-motion to suspend is denied.

Notwithstanding the disposition made herein the court deems it appropriate to state that it appears that a controlling question of law is involved in this case which contains an issue important to the whole bar and should be decided and resolved with finality at the earliest possible date; and an immediate appeal from this order may materially advance the ultimate determination of the action. Therefore, an interlocutory order is granted for application to be made to the Court of Customs and Patent Appeals for an appeal within 10 days after entry of this order.

(C.R.D. 76–11)

GEHRIG, HOBAN & CO., INC. v. UNITED STATES

Court No. R68/17303

(Dated October 22, 1976)

*Busby Rivkin Sherman Levy and Rehm* (*Saul L. Sherman* and *Joseph S. Kaplan* of counsel) for the plaintiff.

*Rex E. Lee,* Assistant Attorney General (*Joseph I. Liebman* and *Edmund F. Schmidt,* trial attorneys), for the defendant.

NEWMAN, Judge: On June 18, 1976 this court granted defendant's motion to impose sanctions on plaintiff pursuant to rule 6.5(b)(2), predicated on plaintiff's failure to comply with the court's order of December 1, 1975, compelling discovery. *Gehrig, Hoban & Co., Inc.* v. *United States,* 76 Cust. Ct. 277, C.R.D. 76–3 (1976). The sanctions were expressly made subject to vacatur if, within sixty days of the order, plaintiff served defendant with supplemental answers to certain interrogatories *fully* supplying the information requested. Further, the court's order provided that plaintiff could comply, either: by identifying the documents mentioned in the interrogatories, or by voluntarily producing such documents for inspection and copying within the sixty days permitted for serving supplemental answers.

Within the sixty-day period granted, plaintiff served defendant with supplemental answers and documentary exhibits. Plaintiff now moves to vacate the sanctions imposed by the order of June 18th. Defendant has interposed no objection to such vacatur, except with

respect to interrogatories numbered 24 (a) and (h), and 27 (b) through (e), which defendant contends have not been answered adequately.[1]

While admitting that plaintiff has furnished "some information", defendant insists that the interrogatories seek to elicit, *inter alia,* specific cost, expense and profit *figures*, not merely a *description* or *enumeration* of various types of costs and expenses. Plaintiff on the other hand, urges that the interrogatories requested merely that the figures be "described" and "located", but not "furnished".

The court is constrained to agree with defendant's contention that a reasonable interpretation of the interrogatories in question requires that plaintiff must disclose in its answers not merely an enumeration or description of different types of costs and expenses, but also the figures as well.[2] However, a careful examination of the supplemental answers submitted with plaintiff's motion fails to show that the cost, expense and profit figures were furnished. Despite the assertion of plaintiff's counsel that "detailed cost figures" were submitted in various affidavits and "representative internal cost accounting records", and that "prices are ascertainable from the pleadings herein", the absence of the *pertinent* cost, expense and profit figures *in the answers to the interrogatories*, leaves the interrogatories inadequately answered.

In support of the motion to vacate, counsel for plaintiff has submitted an affidavit detailing plaintiff's efforts to obtain and supply the information requested by the interrogatories and to comply with the court's order. While the facts recited in counsel's affidavit and the substantial supplemental information furnished to defendant clearly demonstrate plaintiff's good faith efforts to comply with the order of June 18th, the court must nevertheless agree with the defendant's position that "plaintiff should * * * be precluded from surprising the defendant at trial by 'discovering' additional evidence (i.e., testimony or other means) that falls within the scope of these interrogatories".

It is well settled that the purpose of our discovery rules is to open the door of pretrial inquiry to the point where information which is relevant to the subject matter involved in the pending action, and normally in the possession or control of one party, may be obtained by the other in the interests of truth and justice, and to remove the element of surprise from the litigation. A party should not in any event be required to await a trial of the action to discover for the first time

---

[1] Defendant concedes that all other interrogatories propounded to plaintiff have been adequately answered.

[2] It is also noted that interrogatory no. 24(a) seeks to elicit disclosure respecting the markets by country in which the costs were incurred, as well as the time period applicable to such costs. However, the footnote on page 19 of plaintiff's supplemental answers states, "On this as on all other similar incidental marketing costs, Charmilles does not maintain separate cost accounting records according to country of designation".

facts and circumstances which might have been of assistance in that party's pretrial preparation, and would have in all likelihood apprised that party of the disputed issues.

Candidly, this court is greatly anguished by the substantial time, labor and expense on plaintiff's part necessitated herein by the broad scope of the propounded interrogatories. But on the other hand, the scope of the information requested by defendant is merely reflective of the broad scope of plaintiff's claims and the apparent complexity of the issues. The pleadings indicate that the merchandise was appraised on the basis of United States value pursuant to section 402(c) of the Tariff Act of 1930, as amended. Plaintiff claims that the proper basis for appraisement is export value as defined in section 402(b), as amended; or in the alternative, United States value pursuant to section 402(c), as amended; or alternatively, constructed value under section 402(d), as amended. It is plain, then, that plaintiff's multiple alternative value claims interject many issues into this reappraisement case and have opened the door to the breadth of discovery with which plaintiff is faced here.

It is the conclusion of the court that interrogatories numbered 24 (a) and (h), and 27 (b) through (e), have not been properly responded to by plaintiff in its supplemental answers. However, under all the facts and circumstances, and in view of the good faith efforts demonstrated by plaintiff herein, the order of June 18, 1976 is modified as follows:

1. Plaintiff is granted an additional sixty days in which to furnish defendant with further supplemental answers disclosing the cost, expense and profit figures (and all the other information) sought to be elicited by interrogatories numbered 24 (a) and (h), and 27 (b) through (e). Should plaintiff fail to comply with the foregoing directive, it shall be precluded from introducing at trial of the issues in this action, or presenting in conjunction with the filing of a dispositive motion, any evidence which is related to the answers presently sought by defendant respecting interrogatories numbered 24 (a) and (h), and 27 (b) through (e).

2. In all other respects, plaintiff's motion for vacatur is granted.